RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:   Brandon Newton (021565)
      Melissa Posner Jarrett (029953)
      Deputy County Attorneys
      newtonb@mcao.maricopa.gov
      posnerjm@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
MCAO Firm No. 00032000
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

*Attorneys for Defendant Maricopa County*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia O'Neil, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Maricopa County, a political subdivision,<br><br>Defendant. | NO. 2:25-CV-00912-ESW<br><br>**DEFENDANT MARICOPA COUNTY'S MOTION TO DISMISS** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's March 19, 2025, Complaint (Doc. 1) (the "Complaint") should be dismissed because she cannot state an actionable legal claim. This fatal flaw in the Complaint is not curable because United States Supreme Court case law allows for her termination of employment based on her political activity as stated in the Complaint. In accordance with LRCiv 12.1(c), undersigned counsel

hereby certifies that before filing the Motion to Dismiss, Defense counsel and Plaintiff's counsel had an email exchange on April 8, 2025. The parties were unable to agree that the issues asserted in the motion were curable in any part by a permissible amendment.

I. **Motion to Dismiss Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[d]ismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). For example, references to *Elrod v. Burns*, 427 U.S. 347 (1976), in the Complaint should be ignored because *Elrod* discussed a pure patronage dismissal (*i.e.*, dismissal due solely to political party affiliation), not an individual's association or leadership role in a political party's national, state, or local committee.

II. **Relevant Facts Pled in the Complaint**

As the Complaint explains, in February 2021, Plaintiff began working for Maricopa County (the "County") as a contractor, and she began working as a fulltime employee as a Planning Specialist with the Office of Preparedness and Response in June 2022. *See* Complaint at ¶¶ 7–8. Plaintiff became the Chairwoman for the Maricopa County Democratic Party ("MCDP") in August of 2023. *See id.* at ¶ 13. As of February 28, 2024, Defendant's Code of Conduct ("HR2416") disallowed employees from being officers or chairpersons of a partisan political club's committee and being members of a partisan political party's local committee. *See id.* at ¶¶ 16, 18. Plaintiff was told of the changes to the Code of Conduct and given a choice to resign her position at the MCDP or her employment at the County. *See id.* at ¶¶ 21–22. Plaintiff did not resign either position and was fired by the County for violating the Code of Conduct. *See id.* at ¶¶ 25,

27. Nowhere in the Complaint does Plaintiff allege she was fired because she is a Democrat; she was fired due to her membership in the MCDP. *See id.* at ¶¶ 46, 55, 57.

### III. Government Employers Have the Right to Place Restrictions on the Partisan Political Conduct of Employees

Neither the right to associate nor the right to participate in political activities is absolute. In *United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, AFL-CIO*, 413 U.S. 548 (1973), the United States Supreme Court held the provisions of the Hatch Act that restrict a federal employee from taking any active part in political management or in political campaigns as constitutional. Decided the same day as *Letter Carriers*, *Broadrick v. Oklahoma*, 413 U.S. 601 (1973), the Supreme Court held that a state law patterned on the Hatch Act was constitutional.

The provisions discussed in *Broadrick* provide that no employee "shall be a member of any national, state or local committee of a political party, or an officer or member of a committee of a partisan political club, or a candidate for nomination or election to any paid public office." *Broadrick*, 413 at 606. The provisions challenged in *Broadrick* further prohibit employees from "tak(ing) part in the management or affairs of any political party or in any political campaign, except to exercise his right as a citizen privately to express his opinion and to cast his vote." *Id.* Those are the same provisions found in HR2416 that Defendant used to terminate Plaintiff's employment.

As stated by the Supreme Court, the political activity limitations government puts on its employees serve at least four government interests:

> (1) They enable government employees to enforce the law and execute government programs without bias or favoritism for or against any political party or group; (2) They instill public confidence in government by avoidance of even the appearance of political justice; (3) They prevent the government work force from being employed to build a political machine; and (4) They prevent political performance from being a factor in the employment and advancement of government employees and free public employees from pressure to vote a certain way or perform political chores to curry favor.

*Patterson v. Maricopa Cnty, Sheriff's Off.*, 177 Ariz. 153, 157–58 (Ariz. Ct. App. 1993) citing *Letter Carriers*, 413 U.S. at 464-66.  These government interests constitutionally allow Defendant to prohibit certain political activity of employees.

## IV.  Plaintiff Cannot State a Legal Claim

The first step in a 42 U.S.C. § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim for relief under 42 U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement must have been proximately caused by a person acting under color of state law and (2) defendant's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Paratt v. Taylor*, 451 U.S. 527 (1981) (*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

For both of Plaintiff's claims, she must show her association with the MCDP as the Chairwoman is protected political activity.  Under legal precedent, her political activity is not constitutionally protected. *See Letter Carriers*, 413 U.S. at 577–81.  The Hatch Act, which barred the political activity engaged in by Plaintiff, is constitutional. *Id.*  State laws that mirror the Hatch Act barring Plaintiff's political activity are also constitutional. *Broadrick*, 413 U.S. at 616–18.  It follows that County policies that mirror state law that mirror the Hatch Act are constitutional.  Put another way, Defendant's political restrictions stated in HR2416 are constitutional.  Plaintiff was fired for her leadership role in a partisan political organization (whether Democratic, Libertarian, or Republican is irrelevant), which is constitutional. *See id.*

## V.  Conclusion

Defendant is within its rights to restrict its employees' political activity.  The United States Supreme Court has found the political restrictions stated in HR2416 to be constitutional for government entities when controlling their employee's political

activities. Plaintiff cannot articulate a constitutional right that was violated by Defendant and her claims must be dismissed.

**RESPECTFULLY SUBMITTED** this 16th day of April 2025.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By: s/ *Brandon Newton*
    BRANDON NEWTON
    MELISSA POSNER JARRETT
    Deputy County Attorneys
    *Attorneys for Defendant Maricopa County*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/ R.S.